IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VALENTINO JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-364(MTT) |
| ) | |
| Lieutenant DOMENICO DEMUNDO, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on United States Magistrate Judge Charles H. Weigle's Report and Recommendation. Doc. 18. The Defendant moved to dismiss for failure to state a claim (Doc. 13), and the Magistrate Judge recommends denying the motion. The Defendant has objected to the Recommendation. Doc. 19. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Defendant's objections and made a de novo determination of the portions of the Recommendation to which he objects. As discussed below, the Recommendation is **ADOPTED** and made the Order of this Court. Accordingly, the Defendant's motion to dismiss is **DENIED**. Also, the Plaintiff untimely responded to the Defendant's objection, raising an argument to reinstate previously dismissed Defendants. The Court construes that portion of the Plaintiff's filing as a motion to reconsider, and the motion is **DENIED**.

### I. QUALIFIED IMMUNITY

The Recommendation does not address the Defendant's argument that he is entitled to qualified immunity, and the Defendant objects. Doc. 19 at 3. A government

official acting within the scope of his duties is entitled to qualified immunity unless (1) the plaintiff alleges facts that constitute a violation of a constitutional right by the official and (2) the constitutional right was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Defendant argues that his actions as stated in the Plaintiff's complaint were not unconstitutional, and the constitutional right was not clearly established at the time the alleged violation occurred. *Id.* at 3-4.

For the reasons discussed in the Recommendation, reviewed de novo and adopted by the Court, the allegations state a claim for violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. Doc. 18 at 2-6. Further, the right was clearly established in the specific context of this case when the alleged violation occurred. Imposing an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" constitutes a violation of the inmate's Due Process rights. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The Supreme Court in *Wilkinson v. Austin* held that factors such as restrictive conditions, severe limitations on human contact, and indefinite administrative segregation created a Due Process interest. 545 U.S. 209, 223-24 (2005). As discussed in the Recommendation, the Plaintiff alleges the same kinds of deprivation. Doc. 18 at 4. Accordingly, the right was clearly established at the time of the alleged violation, and the Defendant is not entitled to qualified immunity at this stage.

## II.  MOTION TO RECONSIDER

The Plaintiff's handwritten filing is difficult to read, and his reasoning is difficult to follow. As a response to the Defendant's objection, the Plaintiff's filing is untimely.

*Compare* Doc. 20 (Plaintiff's Response, filed October 28, 2016) *with* Doc. 19 (Defendant's Objection, filed August 22, 2016).  Accordingly, the Court does not consider the response in its analysis of the Defendant's objection.  But the Plaintiff also writes (in the Court's best attempt to read his handwriting):

> There is no way this defendant [Demundo] didnt know he was violating this Plaintiff rights.  Poolaw v Marcantel 565 F3d 735.  If thats the case the other defendants who were dismissed didnt do there jobs as far as training goes within the D.O.C. or L.O.P., S.O.P. rule and regulation of the G.D.C. prison system, Warden McLaughlin should not have been dismissed in his qualified immunity due to his capacites he plays a part of color of law of making those rules in his staff briefings, memos, and sit downs with his staffs, case's site has been get in this brief as his cloak.  Plaintiff didnt feel it was necessary as long as the law was stated, Now since that has been brought to Plaintiff Attention it is apart of this report which is extra Objections on why defendants are not entitled and Should have not been dismissed for individual capacites, Defendant Warden G. McLaughlen, then Comm Brian Owens and or Comm Homer Bryson, Due to the case's Plaintiff has sited in this agreed Objection which Plaintiff has agreed with Magistrate Judge did not erred in concluding that Defendant is not entitled to qualified immunity.  But should also do the same with the other defendants who was and allow to be dismissed to go under the same claims as Lt Demundo if not arms of the state for Eleventh Amendment purposes then why was Warden McLaughlin and Comm Brian Owens dismissed when the Play the part of this claims as color of law

Doc 20 at 2-3 (errors and punctuation in original).  The Court construes this portion of the response as a motion for reconsideration of the Court's dismissal without prejudice of the Plaintiff's claims against other Defendants.  Doc. 16.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered

which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff appears to argue that the Court should not have dismissed his claims against the other Defendants because qualified immunity does not apply for the same reasons it should not apply to the remaining Defendant. If so, the Plaintiff misstates the reasons for those dismissals. The Court did not dismiss the other Defendants because of qualified immunity; rather, the Court agreed with the Magistrate Judge's Recommendation to find that the Plaintiff failed to state a claim as to those Defendants. Doc. 16 at 1; Doc. 8 at 5-9. Whatever his intended argument, the Plaintiff does not point to, and the Court does not find, any intervening change in law, new evidence not previously available to the parties, or clear error in the Court's prior Order.

### III.     CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the Recommendation and makes it the Order of this Court, and the Defendant's motion to dismiss (Doc. 13) is **DENIED**. Also, the Plaintiff's motion for reconsideration (Doc. 20) is **DENIED**.

**SO ORDERED,** this 22nd day of December, 2016.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT